MEMORANDUM OPINION AND ORDER
 

 ANNA DIGGS TAYLOR, District Judge.
 

 This matter is before the Court on Plaintiffs’ motion for summary judgment pursuant to Fed.R.Civ.P. 56. The Court, having heard oral arguments and considered the memoranda submitted by the parties, finds that the City of Warren’s ordinance regulating political election signs violates the First and Fourteenth Amendments of the United States Constitution. For the following reasons, Plaintiffs’ motion for summary judgment is GRANTED.
 

 BACKGROUND
 

 In 1991, the City of Warren enacted a “Political Signs” ordinance which prohibited property owners from posting political election' signs in their yard “before fifteen (15) days prior to any primary, school or special election.” Violators of the ordinance were to be punished with fines “not to exceed one hundred dollars.”
 
 [1]
 

 In August 1995, after absentee ballots had been distributed, but before the permissible time in which to post election signs commenced, residents began displaying their support for various candidates by posting such lawn signs. The City of Warren responded by sending “warning notice[s]” to the residents informing them of the ordinance and telling them to remove the signs within 72 hours or further court action would be taken. Plaintiffs herein complied with the notice and subsequently filed this lawsuit pursuant 42 U.S.C. § 1983, alleging that such an ordinance violates their constitutional rights under the First and Fourteenth Amendments of the United States Constitution.
 

 On the same day that the lawsuit was filed, the City of Warren amended the ordinance to permit posting of election signs up to forty-five days prior to an election, replacing the original fifteen day provision.
 
 [2]
 

 On March 26, 1996, the City of Warren enacted an “Ordinance amending Appendix A of the Code of Ordinances of the City of
 
 *556
 
 Warren relating to Zoning.”
 
 [3]
 
 The new appendix, like the previously amended ordinance, also provides that election signs may only be posted forty-five days prior to an election. Moreover, the appendix also states that only one sign per candidate, and per issue may be posted for each residential property. Violators were subjected to potential sentences including a fine of up to $500.00, imprisonment for a term not to exceed 90 days, or both.
 
 [4]
 

 STANDARD OF REVIEW
 

 Summary judgment must be granted when the moving party demonstrates that there is no genuine dispute as to any material fact, and that the undisputed facts of record require that judgment enter, as a matter of law, for the movant.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). A party opposing a summary judgment motion must show more than “metaphysical doubt” as to the material facts.
 
 Street v. J.C. Bradford & Co.,
 
 886 F.2d 1472 (6th Cir.1990). “A dispute about a material fact is ‘genuine’ only if ‘the evidence is sueh that a reasonable jury could return a verdict- for the nonmoving party.’ ”
 
 Elvis Presley Enterprises v. Elvisly Yours, Inc.,
 
 936 F.2d 889 (6th Cir.1991)
 
 (quoting Anderson,
 
 477 U.S. at 248, 106 S.Ct. at 2510.) To survive a motion for summary judgment, the non-movant must demonstrate that there is some dispute of fact as to “an element essential to that party’s case, and on which that party will bear the burden of proof at trial____”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The “burden on the moving party may be discharged by ... pointing out to the district court ... that there is an absence of evidence to support the non-moving party’s case.”
 
 Celotex, 477
 
 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). In making such a determination, this court will examine any evidence in a light most favorable to the non-moving party.
 
 Boyd v. Ford Motor Company,
 
 948 F.2d 283, 285 (6th Cir.1991).
 

 The elements of a claim under 42 U.S.C. § 1983 are that the conduct complained of (1) was committed by a person acting under color of state law and (2) such person deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.
 
 Parratt v. Taylor,
 
 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981). “Absent either element, a section 1983 claim will not he.”
 
 Christy v. Randlett,
 
 932 F.2d 502, 504 (6th Cir.1991).
 

 ANALYSIS
 

 Plaintiffs maintain that the City of Warren’s ordinance is unconstitutional because it 1) limits the number of election and opinion signs a resident may place on his or her property, and 2) restricts the time within which such signs may be displayed. Plaintiffs argue that the ordinance burdens free speech and is an unconstitutional restriction on the time, place, and manner of speech.
 

 This Court agrees. The Political Signs ordinance, in effect, imposes a year-round
 
 *557
 
 ban on political sign posting. The ban is temporarily suspended for forty-five days prior to an election and is reinstated one week after the election has taken place. The ordinance, in essence, provides candidates and their supporters with forty-five days to reach potential voters via temporary political sign posting. Clearly, such an ordinance imposes a significant burden on free speech.
 

 While it is true that the Supreme Court has held that signs are a form of expression which is subject to municipal police powers, because such regulations inevitably burden communication itself, any regulation on the time, place, and manner of speech is permissible only if it advances a significant government interest, is justified without reference to the content of the speech, and leaves open ample alternative channels for communication of the information.
 
 Metromedia, Inc. v. City of San Diego,
 
 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981). In the case at bar, the Court is not persuaded that the ordinance meets those criteria.
 

 As an initial matter, the ordinance is not content-neutral. While the ordinance may appear to be content-neutral in the sense that it does not discriminate among political messages, it does impose restrictive time limitations upon political signs that are not imposed on commercial signs. For instance, the ordinance allows the posting of all other types of signs at any time although election signs are subjected to a forty-five day limitation. No other sign is subject to the same or similar time limitation. Such restrictive treatment unconstitutionally discriminates in the exercise of First Amendment rights where they have their “most urgent application ... [in the] conduct of campaigns for political office.”
 
 Monitor Patriot Co. v. Roy,
 
 401 U.S. 265, 272, 91 S.Ct. 621, 625, 28 L.Ed.2d 35 (1971).
 

 Defendants maintain that the ordinance serves a significant government interest in the preservation of neighborhood aesthetics, property value, and traffic safety. Such laws, however, must regulate evenhandedly.
 
 See generally, Linmark Associates v. Willingboro,
 
 431 U.S. 85, 97 S.Ct. 1614, 52 L.Ed.2d 155 (1977). Moreover, although the purpose may be a legitimate one, the city has failed to show that this interest “justifies placing time limits on the posting of political signs, but not on temporary signs that convey commercial messages or ideological messages unrelated to an upcoming election. In addition, it has not been shown that this particular time period of [forty-five] days, even if evenhandedly applied to all temporary signs, reasonably and adequately provides for the exercise of First Amendment rights.”
 
 City of Antioch v. Candidates’ Outdoor Graphic Service,
 
 557 F.Supp. 52, 60 (N.D.Cal.1982). The city may not impose durational limits or other restrictions on political advertising in order to advance aesthetic goals until it shows that it is “seriously and comprehensively addressing aesthetic concerns with respect to its environment.”
 
 Metromedia, Inc. v. City of San Diego,
 
 453 U.S. 490, 531, 101 S.Ct. 2882, 2905, 69 L.Ed.2d 800 (1981)
 
 (Brennan,
 
 /.,
 
 concurring).
 
 As such a showing has not been made, this interest, although legitimate, is not so well served by this measure that the resultant infringement upon constitutional rights can be justified.
 

 In addition, Defendant’s one election sign per candidate, per issue, and per opinion limitation “severely infringes on speech by preventing homeowners from expressing [their] support for more than one candidate when there [may be] numerous contested elections. [Moreover], if two voters living within the same household support opposing candidates, the sign limitation significantly restricts their ability to express support through sign posting.”
 
 Arlington County Republican Committee v. Arlington County, Virginia
 
 983 F.2d 587, 594 (4th Cir.1993). The enthusiastic support of the homeowner’s candidate by more than one sign is, of course, flatly prohibited.
 

 Lastly, the ordinance fails to leave open valid alternative channels for communication for the homeowner. Although the city maintained at oral argument that political signs may be posted inside a home window at any time throughout the course of the year, the ordinance does not so state, and the Court is not persuaded that this would be an adequate substitute for the important medi
 
 *558
 
 um of speech that the city has foreclosed. The Supreme Court has clearly stated that “[displaying a sign from one’s own residence often carries a message quite distinct from placing the same sign someplace else, or conveying the same text or picture by other means. Precisely because of their location, such signs provide information about the identity of the ‘speaker.’ ”
 
 City of Ladue v. Gilleo,
 
 512 U.S. 43, -, 114 S.Ct. 2038, 2046, 129 L.Ed.2d 36 (1994);
 
 See also, Cleveland Area Board of Realtors v. City of Euclid,
 
 88 F.3d 382 (6th Cir.1996). Furthermore, “a person who puts up a sign at her residence often intends to reach neighbors, an audience that could not be reached nearly as well by other means.”
 
 Ladue,
 
 512 U.S. at -, 114 S.Ct. at 2046.
 

 It should further be noted that residents have the same strong incentive to keep their property values up and to prevent visual clutter in their yards and neighborhoods as does the city. The private interests of owners in the market value of their property should very substantially diminish the city’s concerns regarding the unlimited proliferation of signs.
 
 Id.
 
 at-, 114 S.Ct. at 2047.
 

 As a result, this Court finds that the city’s ordinance limiting the number and duration of election and opinion signs violates Plaintiffs’ civil rights pursuant to 42 U.S.C. 1983, and unconstitutionally infringes upon the First and Fourteenth Amendment of the United States Constitution.
 

 Accordingly,
 

 IT IS ORDERED that Plaintiffs motion for summary judgment be and hereby is GRANTED.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Chapter 31, § 31-20, Political Signs, states, in relevant part:
 

 (a) No candidate for political office shall allow any of his or her political signs to be erected or posted before fifteen (15) days prior to any primary, school or special election.
 

 (b) All candidates for political office shall remove their political sign within one (1) week after the primary, school or special election. If any candidate for an office is nominated in the primary election, he or she shall be allowed to have his or her political signs remain until one (1) week after the general election.
 

 * * * * *
 

 (j) A violation of this section shall be punishable as a civil infraction with fines not to exceed on hundred dollars ($1,00.00).
 

 [2]
 

 . The amended provision states,
 

 (a) No candidate for a political office shall allow any of his or her political signs to be erected or posted before forty-five (45) days prior to any primary, school, or special election.
 

 [3]
 

 . Sec. 4A-13 of the amended appendix states, in relevant part:
 

 d) Election signs. Temporary election signs may be erected forty-five (45) days prior to the primary election date and shall be removed in accordance with section 4A-26(c).
 

 Temporary election signs shall be allowed as follows:
 

 one non-iUuminated election sign per candidate and per issue is allowed for each lot frontage; those located along a major thoroughfare or collector road shall not exceed sixteen (16) square feet per sign; and if located along a local residential street shall not exceed for (4) square feet per sign.
 

 * * # * * *
 

 i) Opinion signs. One opinion sign per residence shall be allowed in residential areas, excluding election signs which are otherwise regulated in this ordinance. The sign shall be located in the front yard set back and shall not exceed four (4) square feet in sign area.
 

 [4]
 

 . Section 4A-66 states:
 

 The violation of any provision of this Article by any person shall, upon conviction, be punished by a fine not exceeding five hundred dollars ($500.00) or imprisonment for a term not exceeding ninety (90) days, or both.