Risa SUGARMAN, Plaintiff,

v.

VILLAGE OF CHESTER, Town of Cornwall, Town of Deerpark, Town of Goshen, Village of Goshen, Village of Greenwood Lake, Town of Hampton-burgh, Village of Harriman, Village of Highland Falls, Village of Maybrook, City of Middletown, Village of Monroe, City of Newburgh, Town of New Windsor, City of Port Jervis, Town of Tuxedo, Town of Wallkill, Village of Warwick, Village of Washingtonville, Town of Wawayanda and Town of Woodbury, Defendants.

No. 01 Civ. 8667(WCC).

United States District Court, S.D. New York.

July 15, 2002.

Thornton, Bergstein & Ullrich, LLP, Attorneys for Plaintiff, Chester, NY, Stephen Bergstein, Of Counsel.

Lustig & Brown, LLP, Attorneys for Defendant Village of Greenwood Lake, New York City, Brian S. Gitnik, Of Counsel.

Duggan, Crotty & Dunn, P.C., Attorneys for Defendant Town of New Windsor, New Windsor, NY, Bruce C. Dunn, Sr., Of Counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

On September 25, 2001, plaintiff Risa Sugarman brought this action under 42 U.S.C. § 1983, alleging that various municipal ordinances regulating the posting of political signs violated the First Amendment. On April 5, 2002 this Court issued an Opinion and Order granting summary judgment in favor of plaintiff against defendants Village of Goshen, Town of Hamptonburgh, Town of New Windsor ("New Windsor"), Town of Walkill, Village of Warwick, City of Middletown, Village of Chester and Town of Greenwood Lake ("Greenwood Lake"). *See Sugarman v. Village of Chester*, 192 F.Supp.2d 282 (S.D.N.Y.2002) (Conner, J.). Plaintiff now moves for an award of reasonable attorneys' fees and costs in the amount of $7,019.30 against Greenwood Lake and $9,059.30 against New Windsor pursuant to 42 U.S.C. § 1988. For the reasons stated hereinafter, plaintiff is awarded fees and expenses of $6,218.26 against Greenwood Lake and $8,258.26 against New Windsor.

## DISCUSSION

■ Familiarity with the facts of this case as set forth in this Court's prior Opinion and Order is presumed. The Civil Rights Attorney's Fees Awards Act of 1976 authorizes district courts to award reasonable attorneys' fees to prevailing parties in civil rights litigations. *See* 42 U.S.C. § 1988. The Supreme Court has stated that the prevailing party should recover attorneys' fees "unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (citations omitted). Although a district court traditionally has wide discretion in deciding whether to award fees, "this

discretion is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorneys' fees." *Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir.2001).

## I. *Prevailing Party*

 Prior to calculating a reasonable fee, a court must first determine whether the party seeking the fee award is a prevailing party under the statute. *See Colbert v. Furumoto Realty Inc.*, 144 F.Supp.2d 251, 259 (S.D.N.Y.2001) (Conner, J.). A party is considered prevailing if he "obtains at least some relief on the merits." *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (citations omitted). "A party need not succeed on every issue raised by him, nor even the most crucial one." *LaRouche v. Kezer*, 20 F.3d 68, 71 (2d Cir.1994) (citing *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The party merely has to prevail on a "significant claim." *LaRouche*, 20 F.3d at 71. The focus of the inquiry rests upon the "material alteration of the legal relationship of the parties." *Farrar*, 506 U.S. at 111, 113 S.Ct. 566. Therefore, a party does not have to receive actual damages, but may be considered prevailing if he gains relief through a consent decree or settlement. *See LaRouche*, 20 F.3d at 71; *see also LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir.1998) ("It is sufficient that the plaintiff succeeded on any significant issue in the litigation, if he received actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") (quotations and citations omitted).

 In *Sugarman*, plaintiff argued that Greenwood Lake's sign ordinance was unconstitutional because it imposed content-based speech regulations and because the statute failed to provide adequately for the expeditious grant or denial of permit applications. *See Sugarman*, 192 F.Supp.2d at 292–95. Greenwood Lake cross-moved and was granted summary judgment with respect to plaintiff's claims that the sign ordinance imposed content-based regulations. *See id.* However, summary judgment was granted in favor of plaintiff on the ground that the sign ordinance failed to ensure that a permit determination was made expeditiously. *See id.* at 295. As a result, the ordinance was declared unconstitutional and, despite Greenwood Lake's conclusory argument to the contrary, there is little doubt that plaintiff is a prevailing party. In fact, plaintiff succeeded in obtaining the primary relief sought against Greenwood Lake—a declaration that the sign ordinance was unconstitutional. *See id.* at 292–96; *see also Knoeffler v. Mamakating*, 126 F.Supp.2d 305, 311 (S.D.N.Y. 2000) (Conner, J.). The relationship between the parties was thus materially altered to plaintiff's benefit.

## II. *Reasonable Attorneys' Fees*

 Having determined that plaintiff is entitled to attorneys' fees, we must determine the reasonable amount of such fees. The district court begins by considering the "lodestar figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." *Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir.1997) (citing *Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)). The lodestar figure provides an objective basis for setting the fees. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. There is a strong presumption that the lodestar figure represents a reasonable fee, and should not be reduced "simply because a plaintiff recovered a low damage award." *Cowan v. Prudential Ins. Co.*, 935 F.2d

522, 526 (2d Cir.1991). "The party seeking the award must submit evidence supporting his claim of hours worked and rates charged." *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. However, the district court has broad discretion in determining the amount of attorneys' fees awarded to the prevailing party. *See id.* at 437, 103 S.Ct. 1933; *Luciano*, 109 F.3d at 115.

Plaintiff seeks a combined award of attorneys' fees and costs of $16,078.60 against Greenwood Lake and New Windsor. As this action initially involved several defendants, many of whom have settled at various stages in the litigation, a detailed explanation of the fee application is required. Prior to this Court granting summary judgment against eight defendants, plaintiff settled with thirteen defendants for a total of $22,000. Plaintiff suggests that this Court should reduce plaintiff's fee entitlement by the settlement amount for all work expended prior to January 14, 2001, when plaintiff received commitments that nine parties would settle. (Pl. Mem. Supp. Mot. Att'ys Fees at 10.) For work performed up to and including January 14, plaintiff requests fees in the amount of $23,890.30. (*Id.* at 12.) This figure is based on 167.9 billable hours expended by Stephen Bergstein at an hourly rate of $240 and 26.02 billable hours attributable to Helen Ullrich at an hourly rate of $215, less the $22,000 received through settlement. For work performed after January 14, plaintiff seeks attorneys' fees of $21,780 for Bergstein (90.75 hours at an hourly rate of $240) and $3,784 for Ullrich (17.6 hours at an hourly rate of $215). (*Id.*) Plaintiff also seeks $1,426.32 in paralegal and other litigation costs and $953.75 for travel and clerical tasks. (*Id.* at 13.) Accordingly, as of the date of the instant application, plaintiff seeks a total of $51,834.37 in attorneys' fees and costs from the remaining eight defendants, to be divided evenly at $6,479.30 each. However, plaintiff has subsequently settled with six of the remaining defendants, leaving only Greenwood Lake and New Windsor. In defending the fee application, plaintiff has incurred additional attorneys' fees in the amount of $540 for Greenwood Lake (2.25 hours at Bergstein's hourly rate of $240) and $2,580 for New Windsor (10.75 hours at Bergstein's hourly rate of $240). (Bergstein Supp. Aff. ¶ 5.) Therefore, plaintiff now seeks recovery of attorneys' fees and costs of $7,019.30 from Greenwood Lake and $9,059.30 from New Windsor.

## A. *Reasonable Hourly Rates*

 A reasonable hourly rate is one "in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933. In order to establish the reasonable hourly rates of associates, the party seeking the award may provide the court with affidavits from similarly situated attorneys, although such information is not required. *See Cruz v. Local Union No. 3 of Intern. Broth. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir.1994).

 Stephen Bergstein, a partner in the law firm of Thornton, Bergstein & Ullrich, seeks reimbursement for attorneys' fees at an hourly rate of $240. After graduating from law school in 1993, Bergstein worked for the Law Offices of Michael H. Sussman through September 2001, where he focused almost exclusively on civil rights, labor and constitutional litigation. (Bergstein Aff. ¶ 26.) In September 2001, Bergstein began his current

practice which is limited to civil rights, constitutional and environmental litigation. Bergstein has litigated or assisted in numerous civil rights litigations and has also lectured on the subject. (*Id.* ¶¶ 29–35.) His litigation experience also includes a prior constitutional challenge to municipal sign laws before this Court. *See Knoeffler*, 126 F.Supp.2d at 305. Helen Ullrich graduated from law school in 1996 and is also a partner in the law firm of Thornton, Bergstein & Ullrich. (Ullrich Aff. ¶¶ 17–18.) Ullrich has significant experience in civil rights and constitutional litigation and is seeking an award of attorneys' fees at an hourly rate of $215. (*Id.* ¶ 23.) Additionally, Ullrich served as Town Councilwoman in the Town of Hamptonburgh for three years where she gained experience in drafting zoning ordinances. (*Id.* ¶ 24.) In support of their applications, Bergstein and Ullrich submit the Affidavit of Michael Sussman. Sussman is a seasoned attorney with 24 years of experience litigating Federal Civil Rights cases for the U.S. Department of Justice, the NAACP and in private practice. (Sussman Aff. ¶ 1.) He currently is the owner of the Law Offices of Michael H. Sussman. (*Id.*) As a former employer of both Bergstein and Ullrich, Sussman personally attests to their skill and experience in constitutional litigation and states that the requested hourly rates are reasonable and consistent with rates charged by similarly situated attorneys.

We conclude that $240 is a reasonable hourly rate for Bergstein. In *Knoeffler*, this Court awarded Bergstein, a seven-year associate at the time, hourly fees in the amount of $200. 126 F.Supp.2d at 312. In the two years since, Bergstein has gained considerable experience and now owns his own law practice. Furthermore, the proposed hourly rate is consistent with recent awards granted attorneys with similar experience in the relevant geographic area. *See, e.g., Fink v. City of New York*, 154 F.Supp.2d 403, 407 (E.D.N.Y.2001)

("Fee awards in other Eastern District of New York cases have ranged from $200 to $250 for partners."); *Anderson v. City of New York*, 132 F.Supp.2d 239, 243 (S.D.N.Y.2001) (awarding $250 per hour for attorney with six years' experience); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F.Supp.2d 381, 386 (S.D.N.Y.2000) (finding that $230–$250 per hour is a reasonable rate for attorneys with seven to nine years experience). Likewise, we conclude that $215 per hour is a reasonable rate for Ullrich, a partner with six years experience in constitutional litigation. *See, e.g., Williams v. New York City Housing Auth.*, 975 F.Supp. 317, 323 (S.D.N.Y.1997) (awarding $250 for junior partners and $200 for senior associates); *Knoeffler*, 126 F.Supp.2d at 312 (awarding $200 to a senior associate with seven years experience). New Windsor argues that the requested rates are exceedingly generous, as attorneys under contract with New Windsor are not paid hourly rates exceeding $175. However, the rate at which New Windsor chooses to compensate its attorneys is not the relevant inquiry, but rather the prevailing market rate paid to attorneys situated similarly to Bergstein and Ullrich. *See Huntington Branch NAACP v. Town of Huntington*, 749 F.Supp. 62, 64 (E.D.N.Y.1990) ("Many cogent reasons could easily be listed as to why lawyers for municipalities are induced to bill those clients at lower rates than would be billed for similar services performed on behalf of private clients.... The proper rate to be awarded ... is not the rate customarily charged to municipalities, but a rate comparable to that charged to private clients."). Accordingly, we award Bergstein and Ullrich hourly rates of $240 and $215 respectively.

**B. *Reasonable Amount of Time Spent***

New Windsor challenges the reasonableness of the hours expended by plaintiff's

counsel on six grounds: (1) many time logs do not name New Windsor; (2) billing for duplicative work; (3) billing for research time; (4) billing for time spent engaging in settlement activities; (5) billing for time expended in preparing the fee application; and (6) failure to divide fees and costs by the total number of original defendants. In addition, Greenwood Lake argues that the fee award should be reduced because it prevailed on several issues raised in the summary judgment motion.

### 1. *Compensable Hours*

■ In opposing plaintiff's fee application, New Windsor argues that certain hours expended are not compensable. First, New Windsor identifies 29.35 hours that "are coincidental in time and task and appear on both attorneys' fee logs" and concludes that these hours constitute needless duplication of work that is therefore non-compensable. We disagree. New Windsor failed to specifically identify which tasks were duplicative and the mere fact that two attorneys assisted on a certain case with respect to similar matters does not necessarily lead to the conclusion that the tasks performed were duplicative. *See New York State Ass'n of Retarded Children v. Carey,* 711 F.2d 1136, 1146 (2d Cir.1983) ("Under section 1988, prevailing parties are not barred as a matter of law from receiving fees for sending a second attorney to depositions or an extra lawyer into court to observe and assist."); *see also Williamsburg Fair Housing Comm. v. Ross–Rodney,* 599 F.Supp. 509, 518 (S.D.N.Y.1984). Furthermore, after considering the size and complicated nature of the instant litigation, we find it perfectly reasonable that Bergstein would seek the aid and consultation of his law partner.

Therefore, we find New Windsor's duplication argument meritless.

■ Second, New Windsor argues that the 61.55 hours logged by Bergstein and Ullrich doing legal and factual research should be excluded from the fee award. "In assessing the extent of staffing and background research appropriate for a given case, a district court must be accorded ample discretion." *Carey,* 711 F.2d at 1146. The determination as to whether counsel is entitled to fees for background research is "best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." *Id.* The instant action involved several complicated First Amendment issues including mootness and standing as well as numerous municipal sign ordinances, each with distinct peculiarities. A substantial amount of legal and factual research was undoubtedly necessary and we conclude that the number of hours expended by Bergstein and Ullrich are within reason and therefore fully compensable. *See id.* at 1146 n. 5 ("The background research performed by plaintiffs' attorneys for this litigation was not of the sort needed to raise these attorneys to a level of competence shared by many experienced practitioners within an established field of specialization, which may well not be compensable, but was warranted rather to assist in establishing a new branch of specialization, one in which only a handful of attorneys had preceded them.").

Bergstein and Ullrich seek compensation for 10.38 hours expended during general settlement efforts.[1] Without citing any authority for the proposition, New Windsor contends that because the settlement efforts were unsuccessful as to them,

---

1. Plaintiff's attorneys do not seek reimbursement from New Windsor for settlement efforts devoted exclusively to other defendants. They only seek compensation for those efforts that relate to all defendants, such as formulating a reasonable settlement proposal.

plaintiff's attorneys are not entitled to those fees. While we would not expect that a plaintiff would expend an inordinate amount of time on unsuccessful settlement negotiations, plaintiff's attorneys here only seek compensation for a reasonable amount of time. We therefore conclude that Bergstein and Ullrich are entitled to reimbursement for their reasonable settlement efforts. This conclusion is consistent with the general public policy that courts should encourage settlement whenever possible, for to deny civil rights attorneys from recovering fees expended during settlement efforts would create an unnecessary disincentive to settlement. *Cf.* FED. R. CIV. P. 68 (rule designed to encourage settlement).

■■■■■ Finally, New Windsor argues that plaintiff's claim for 30.08 hours spent compiling the list of hours expended on the case and preparing the fee application should be disallowed. It is well-settled law that a prevailing party is entitled to reimbursement for the time expended in the preparation of the fee application. *See Gagne v. Maher*, 594 F.2d 336, 343–44 (2d Cir.1979); *Knoeffler*, 126 F.Supp.2d at 316. "The fee application is a necessary part of the award of attorney's fees. If the original award is warranted, . . . a reasonable amount should be granted for time spent in applying for the award." *Donovan v. CSEA Local Union 1000*, 784 F.2d 98, 106 (2d Cir.1986). We find that Bergstein and Ullrich's expenditure of 30.08 hours in preparing the fee application is reasonable. Furthermore, plaintiff's request amounts to approximately ten percent of the total hours billed, which is well within the range of past awards. *See Davis v. City of New Rochelle*, 156 F.R.D. 549, 561 (S.D.N.Y. 1994) ("The Second Circuit has upheld fee awards where the time spent on the fee

application was up to 24% of the total time claimed.").

## 2. *Plaintiff's Apportionment Model*

■■■■■ Plaintiff initially challenged twenty-one municipal sign ordinances. Most defendants raised similar objections as to standing and mootness and, while each ordinance contained unique language, many were substantially similar and were challenged on similar grounds. *See Sugarman*, 192 F.Supp.2d at 282. Accordingly, Bergstein and Ullrich's fee log reflects activity largely applicable to all defendants, even where a particular defendant is not identified in the log. (Bergstein Aff., Ex. 1; Ullrich Aff., Ex. 1.) Plaintiff also settled with thirteen defendants for a total of $22,000. Recognizing that she is not entitled to double compensation for the same work, plaintiff proposes that the $22,000 be deducted from the fees generated prior to January 14, 2002.[2] Plaintiff argues that this Court should not make any reduction for work expended after January 14 because, as indicated by the fee logs, the tasks performed would have been necessary against any remaining defendant. (Bergstein Aff. ¶ 22.) Finally, in determining each defendant's individual contribution towards the overall attorneys' fees, plaintiff divides the total amount of accumulated fees by the eight defendants who declined to settle prior to the summary judgment motion.

New Windsor challenges plaintiff's methodology, arguing that they are solely responsible for those hours recorded on the fee log with a specific reference to New Windsor, that they are not responsible for any hours recorded on the fee log with specific reference to other defendants, and that any remaining hours should be divided by twenty-one, the total number of

---

**2.** Plaintiff does not seek compensation for work expended solely on defendants that set-

tled. (Bergstein Aff. ¶ 18.)

original defendants. The Supreme Court has stated that "[a] request for attorney's fees should not result in a second major litigation," *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933, and district courts have broad discretion in determining the amount of reasonable attorneys' fees. Guided by this principle, we decline to adopt New Windsor's restrictive reading of the fee logs, for there is little doubt that, in light of the similarities of the ordinances involved, legal work expended researching the constitutionality of one municipal sign ordinance was generally applicable to the other ordinances. To require plaintiff to maintain the exceedingly detailed fee logs of which New Windsor implies would be overly burdensome and would only serve to unnecessarily inflate the ultimate fee application. However, we similarly decline to adopt plaintiff's method to ensure that they are not twice compensated for fees accumulated pursuing parties that eventually settled. Plaintiff's proposal raises that possibility that they settled with the thirteen defendants prior to January 15, 2002 at a discounted rate and now seek to have at least some of the attorneys' fees properly attributable to the thirteen settling defendants subsidized by the eight defendants who declined to settle. We therefore conclude that $45,890.30 in attorneys' fees and costs accrued prior to January 14, 2002 should be apportioned among the original twenty-one defendants. The remainder of the fees shall be calculated as proposed by plaintiff. *See infra* Part II.D.

## C. *Reduction of Lodestar*

■ Although there is a " 'strong presumption' that the lodestar represents the 'reasonable fee,' " the consideration of other factors may lead to an increase or decrease of such figure. *City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) (citations omitted). The party requesting a departure from the lodestar has the burden of establishing the propriety of such departure in the calculation of a reasonable fee. *See id.*

■ Greenwood Lake argues that the amount of attorneys' fees should be reduced because plaintiff was denied summary judgment with respect to their argument that the Greenwood Lake ordinance contained content-based restrictions on speech. *See Sugarman*, 192 F.Supp.2d at 292–95. Because the Supreme Court treats unrelated claims as if they should have been brought in a separate and distinct lawsuit, no fees may be awarded for services expended on unsuccessful, unrelated claims. *See Hensley*, 461 U.S. at 434–35, 103 S.Ct. 1933. Related claims include those based upon common facts or similar legal theories. *See id.* In such a case, all of the attorney's time is considered to be spent on the litigation as a whole; the court cannot divide the hours on a claim-by-claim basis. See *id.* at 435, 103 S.Ct. 1933. An important factor to consider in determining whether to adjust the lodestar amount is the result obtained. *See LaRouche*, 20 F.3d at 71.

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435, 103 S.Ct. 1933.

■ Greenwood Lake states contends that "since Greenwood was the only defen-

dant whose sign ordinance was deemed content-neutral, ... this Court should issue an Order setting the attorneys' fees which Greenwood must pay at a substantially lower number than that which the other defendants must pay." (Gitnick Aff. at 4.) We find this argument unpersuasive. While plaintiff did not prevail on each of the legal theories presented as to why the Greenwood Lake sign ordinance was unconstitutional, she nonetheless obtained in full the desired outcome—a declaration that the ordinance was unconstitutional. Furthermore, all theories presented by plaintiff involved similar facts and similar legal arguments regarding the actual or potential suppression of political speech under the First Amendment. Accordingly, in light of the favorable results obtained and the relatedness of the legal claims presented, plaintiff is entitled to complete recovery of her attorneys' fees.

### D. *Calculation*

Prior to January 15, 2002

| | | | |
|---|---|---|---|
| Bergstein | $240 per hour * 167.9 | = | $40,296.00 |
| Ullrich | $215 per hour * 26.02 | = | $ 5,594.30 |
| Total | | | $45,890.30 |
| Amount attributable to each defendant (from pool of 21) | | | $ 2,185.25 |

January 15 through the Fee Application

| | | | |
|---|---|---|---|
| Bergstein | $240 per hour * 90.75 | = | $21,780.00 |
| Ullrich | $215 per hour * 17.60 | = | $ 3,784.00 |
| Paralegal and Litigation Costs | | | $ 1,426.32 |
| Travel and Clerical | | | $ 953.75 |
| Total | | | $27,944.07 |
| Amount attributable to each defendant (from pool of 8) | | | $ 3,493.01 |

Total individual contribution for non-settling defendants — $ 5,678.26

Fee Application Fees

| | | | | |
|---|---|---|---|---|
| Greenwood Lake: | Bergstein | $240 per hour * 2.25 | = | $ 540.00 |
| New Windsor: | Bergstein | $240 per hour * 10.75 | = | $ 2,580.00 |

Total Fees and Costs

| | |
|---|---|
| Greenwood Lake | $ 6,218.26 |
| New Windsor | $ 8,258.26 |

---

## CONCLUSION

For the foregoing reasons, we conclude that plaintiff is entitled to attorneys' fees and costs in the amount of $6,218.26 against Greenwood Lake and $8,258.26 against New Windsor.

SO ORDERED