Clarence BELL, et al.

v.

BALTIMORE COUNTY, MARYLAND.

Civil No. CCB–07–305.

United States District Court, D. Maryland.

March 31, 2008.

Deborah A. Jeon, American Civil Liberties Union of Maryland Foundation, Baltimore, MD, Kathleen Adele Orr, Russell D. Duncan, Zeno B. Baucus, Orrick Herrington and Sutcliffe LLP, Washington, DC, for Clarence Bell, Kathleen Cahill, Joseph Michael Collins, Sr., Ruth Goldstein, Noel Levy, Homayoon Moghbeli, Manzar Moghbeli, Patricia Visser.

James J. Nolan, Jr., Baltimore County Office of Law, Towson, MD, for Baltimore County, Maryland.

## MEMORANDUM

CATHERINE C. BLAKE, District Judge.

Now pending is the plaintiffs' motion for attorneys' fees and costs in this case involving a challenge to a Baltimore County zoning ordinance restricting the posting of certain political lawn signs. For the reasons that follow, fees in the amount of $67,789.50 and expenses in the amount of $1,742.17 will be awarded.

Preliminarily, it appears the parties agree on the standards for determining a reasonable fee award to a prevailing party under 42 U.S.C. § 1988. As summarized by this court:

> The Supreme Court has held that "the proper first step in determining a reasonable attorney's fee is to multiply 'the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " The resulting product is commonly known as the lodestar award. The Supreme Court has noted that most of the factors articulated by the United States Court of Appeals for the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), are subsumed in the initial calculation of the "lodestar" award. *See Hensley v. Eckerhart*, 461 U.S. at 424, 434 n. 9, 103 S.Ct. 1933, 1940 n. 9, 76 L.Ed.2d 40 (1983). Those factors have been adopted by the United States Court of Appeals for the Fourth Circuit. Consideration of those factors in arriving at the reasonable rate and reasonable number of hours expended ordinarily will produce a lodestar figure that results in fair compensation without further adjustment.

*McCollum v. McDaniel*, 136 F.Supp.2d 472, 478–79 (D.Md.2001).

Before applying the factors, it is appropriate to describe briefly the events and issues involved in this case. After efforts to forestall passage of the ordinance were unsuccessful, the plaintiffs filed suit on February 2, 2007 seeking a declaration that Zoning Regulation 450.7.F as amended by the County Council in December 2006 violated the First Amendment by providing that a political campaign sign required to carry an authority line on behalf of a candidate or a political issue could be displayed on private property no earlier than 45 days before any primary and must be removed 7 days after the primary for an unsuccessful candidate. Cross-motions for summary judgment were filed and oral argument was heard July 20, 2007. For reasons more fully explained in the transcript of the oral ruling, I found the regulation to be an unconstitutional durational limit on political residential signs, noting the significant protection provided such

speech in *City of Ladue v. Gilleo*, 512 U.S. 43, 54–57, 114 S.Ct. 2038, 129 L.Ed.2d 36 (1994).

At oral argument and in their papers, both sides acknowledged that the regulation potentially burdens the First Amendment rights of citizens—those homeowners or residents who wished to display the signs—and also of political candidates, *see Arlington County Republican Comm. v. Arlington County*, 983 F.2d 587, 595 (4th Cir.1993), and that political speech is entitled to the highest degree of protection under the First Amendment, *id.* at 593. Also there was no dispute that, if the regulation is content-based, it must be narrowly tailored to promote a compelling governmental interest, and if there is a less restrictive alternative that would serve that purpose, the alternative must be used. *Burson v. Freeman*, 504 U.S. 191, 197–98, 112 S.Ct. 1846, 119 L.Ed.2d 5 (1992); *Curry v. Prince George's County*, 33 F.Supp.2d 447, 452 (D.Md.1999). The County conceded that its asserted justification of traffic safety and aesthetics would not survive a content-based standard, but argued the regulation was content-neutral.[1]

It appeared to me that the regulation was content-based, as it applied only to certain types of political signs, and indeed most courts considering the issue have reached this conclusion. *See McFadden v. City of Bridgeport*, 422 F.Supp.2d 659, 671–74 (N.D.W.Va.2006) (discussing cases); *Curry*, 33 F.Supp.2d at 452 (collecting cases).[2] Recognizing that Baltimore County did not direct the regulation at any particular political party or viewpoint, however, *see Covenant Media v. City of*

*North Charleston*, 493 F.3d 421, 432–34 (4th Cir.2007), I acknowledged the question was at least debatable and proceeded to rule on the assumption the regulation was content-neutral, as did the Court in *City of Ladue* and the Fourth Circuit in *Arlington County*. If the regulation is content-neutral, it still must be narrowly tailored to serve a significant governmental interest and has to leave open ample alternatives for communication. *Burson*, 504 U.S. at 197, 112 S.Ct. 1846, *Arlington County*, 983 F.2d at 593. While traffic safety and visual clutter are significant governmental concerns, Regulation 450.7.F was not narrowly tailored to accomplish those objectives. For example, it left many signs unregulated rather than applying setbacks or size restrictions to all signs, or simply requiring any sign that had fallen into disrepair to be removed. *See, e.g., McFadden*, 422 F.Supp.2d at 675 (applying strict scrutiny). Most significantly, the importance of official campaign signs and the message they provide both visually and as a direct form of speech has been recognized by many courts. It is difficult to identify a sufficient alternative. The County cited no case after the Court's ruling in *City of Ladue* that has upheld durational limits on political yard signs, while several courts have found such limits unconstitutional. *See, e.g., Whitton v. City of Gladstone*, 54 F.3d 1400, 1408 (8th Cir. 1995); *McFadden*, 422 F.Supp.2d at 675; *Curry*, 33 F.Supp.2d at 455; *Dimas v. City of Warren*, 939 F.Supp. 554, 558 (E.D.Mich.1996).

Accordingly, on July 31, 2007, I entered an Order denying the County's motion for summary judgment, declaring the regula-

---

**1.** The court appreciates James T. Nolan, Jr., Esquire's able and professional representation of the County at the hearing.

**2.** Judge Murnaghan of the Fourth Circuit found a very similar regulation to be content-

based in an unreported Order granting a preliminary injunction against the County in 1998. *Taylor v. Baltimore County*, No. 98–2090 (4th Cir. July 28, 1998).

tion unconstitutional, and enjoining its enforcement. No appeal was taken and this petition for attorneys' fees followed.

 I will first address the reasonableness of the hourly rates requested by plaintiffs' counsel. The plaintiffs request $400 per hour for Russell Duncan, a partner at Orrick, Herrington & Sutcliffe LLP, with over 20 years' experience in general litigation; $350 per hour for Deborah Jeon, ACLU Legal Director with over 20 years' experience in civil rights litigation; and amounts from $155 to $225 per hour for the three associates whose time is claimed on the case.[3] The County challenges only the rates for Ms. Jeon and Mr. Duncan, and does so only by reference to the presumptive rates set in this court's Rules and Guidelines for Determining Attorney's Fees before their upward adjustment became effective in January 2008. *See* Local Rules, App. B (D.Md.). Considering the affidavits submitted in support of the plaintiffs' counsel's hourly rates, however, and the opinion of Judge J. Frederick Motz in *Williams v. Maryland Office Relocators,* No. 05–3030 (D.Md. June 18, 2007), I will apply the $360 hourly rate used in that case for an experienced Maryland attorney to Mr. Duncan's hours, and the $350 hourly rate claimed by Ms. Jeon to her hours.[4]

In considering the hours to award for each litigation stage, I have considered all the *Johnson* factors, most of which are subsumed in the rate and hour analysis. This includes the excellent results obtained by plaintiffs, and awards in similar cases, *see Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir.2006) (over $165,000); *Sugarman v. Village of Chester,* 213 F.Supp.2d 304 (S.D.N.Y.2002) (over $75,000). I note also that the County requested an award of over $36,000 in fees, at 1999 rates, for approximately 190 hours of work on a motion to dismiss, *see Greenspring Racquet Club, Inc. v. Baltimore County,* 77 F.Supp.2d 699, 703–05 (D.Md.1999).

I also recognize that cases such as these in part provide a training opportunity and a sought-after pro bono experience for associates at large law firms. Orrick recognizes this as well, and the plaintiffs have exercised billing judgment by not charging for several attorneys and paralegals at all and by reducing the hours claimed for those whose time is charged. Obviously, the County should not pay for work beyond that necessary to responsibly represent the plaintiffs.

With all this in mind, my award by litigation phase follows:

*Case Development*

| Attorney | Hours | Award |
|---|---|---|
| Jeon | 13.2 × 350 | $ 4,620 |

*Pleadings*

| Attorney | Hours | Award |
|---|---|---|
| Duncan | 12.0 × 360 | $ 4,320 |
| Jeon | 8.0 × 350 | $ 2,800 |
| Orr | 35.0 × 225 | $ 7,875 |
| Total | 55 hours | $14,995 |

*Motions*

| Attorney | Hours | Award |
|---|---|---|
| Duncan | 12.0 × 360 | $ 4,320 |
| Orr | 22.0 × 225 | $ 4,950 |
| Baucus | 15.0 × 170 | $ 2,550 |
| Showalter | 15.0 × 155 | $ 2,325 |
| Total | 64 hours | $14,145 |

*Hearings*

| Attorney | Hours | Award |
|---|---|---|
| Duncan | 7.0 × 360 | $ 2,520 |
| Baucus | 25.0 × 170 | $ 4,250 |
| Showalter | 10.0 × 155 | $ 1,550 |
| Total | 42 hours | $ 8,320 |

*Settlement*

| Attorney | Hours | Award |
|---|---|---|
| Jeon | 23.1 × 350 | $ 8,085 |

*Fee Petition (including Reply)*

| Attorney | Hours | Award |
|---|---|---|
| Jeon | 40.0 × 350 | $14,000 |
| Duncan | 1.5 × 360 | $ 540 |
| Showalter | 19.9 × 155 | $ 3,084.50 |

---

**3.** Work done by several other attorneys and paralegals was not claimed.

**4.** The court notes and appreciates the excellent representation provided by both the ACLU and Orrick.

| Total | 61.4 hours | $17,624.50 |

This is a total of 258.70 hours allowed for all phases, including the time-consuming work of fee preparation, and a total award of $67,789.50 in fees. Expenses in the amount of $1,742.17 are not challenged and also will be awarded.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **OR-DERED** that:

1. the Plaintiffs' Motion for Attorneys' Fees and Costs (docket entry no. 25) is **Granted;** and

2. the plaintiffs are awarded **$67,789.50** in fees and **$1,742.17** in costs for a total of **$69,531.67** to be paid by defendant Baltimore County.